IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SUSAN K. DALTON, | ) | |
| | ) | 8:06CV773 |
| Plaintiff, | ) | |
| | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| | ) | |
| CITY OF OMAHA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the Application for Leave to Proceed In Forma Pauperis ("IFP") (Filing No. 2) filed by the plaintiff, Susan K. Dalton. The plaintiff alleges that she suffered a serious injury as a result of a slip and fall on a sidewalk negligently maintained by the defendant, the City of Omaha. The plaintiff seeks damages for her loss of income, pain and suffering, disability and medical expenses proximately caused by the defendant's negligent conduct.

## FAILURE TO STATE A CLAIM

By moving for leave to proceed IFP, the plaintiff subjects her complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2) (the "IFP statute"), which states in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

To sue a political subdivision such as the City of Omaha, for a tort such as negligence, a plaintiff must comply with the administrative claim provision of the Political

Subdivisions Tort Claims Act. Neb. Rev. Stat. § 13-906 states: "No suit shall be permitted under the Political Subdivisions Tort Claims Act . . . unless the governing body of the political subdivision has made final disposition of the [administrative] claim, except that if the governing body does not make final disposition of a claim within six months after it is filed, the claimant may, by notice in writing, withdraw the claim from consideration of the governing body and begin suit under such act and sections." Neb. Rev. Stat. § 13-919(1) creates a one-year limitations period in which a claim must be submitted to the appropriate official of the political subdivision: "Every claim against a political subdivision permitted under the Political Subdivisions Tort Claims Act shall be forever barred unless within one year after such claim accrued the claim is made in writing to the governing body."

The record suggests that the plaintiff failed to comply with the administrative claim provision of the Tort Claims Act. If so, her claim against the City is barred. "The [Political Subdivisions] Tort Claims Act is the exclusive means by which a tort claim may be maintained against a political subdivision or its employees." *Jessen v. Malhotra*, 665 N.W.2d 586, 590 (Neb. 2003). "[T]he filing or presentment of a claim to the appropriate political subdivision is a condition precedent to commencement of a suit under the Tort Claims Act." *Id.* The claim must be filed within one year after the plaintiff's cause of action accrued. *Id.*

## LACK OF FEDERAL COURT JURISDICTION

An even more serious obstacle faced by the plaintiff concerns the apparent absence of subject matter jurisdiction in this court. The plaintiff does not identify a jurisdictional basis for her claim against the defendant. Subject matter jurisdiction is a particularly important concern in the federal district courts. For example, Fed. R. Civ. P. 12(h)(3) states: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Often a case which cannot be brought in federal district court may nonetheless be filed in a state court. That is because the federal district courts are courts of "limited jurisdiction," while the state courts are courts of "general jurisdiction."

Therefore, even if the plaintiff did comply with the administrative claim requirement of the Political SubdivisionsTort Claims Act, it is likely that she would have to file her lawsuit in a Nebraska state court, rather than a federal district court. The bases for federal court jurisdiction do not encompass a negligence action against a city by a citizen of the same state in which the city is located.

JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

The allegations of the complaint indicate that the plaintiff cannot rely on 28 U.S.C. § 1332, diversity of citizenship, as the source of federal court jurisdiction. For a federal district court to have jurisdiction of a civil action based on diversity of citizenship under 28 U.S.C. § 1332, the controversy must be between (a) citizens of different states; or (b) citizens of a state and citizens or subjects of a foreign state; or (c) citizens of different states and in which citizens or subjects of a foreign state are additional parties. Also, the matter in controversy must exceed $75,000. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means "complete diversity," i.e., that "the citizenship of each plaintiff is different from the citizenship of each defendant." ***Ryan v. Schneider National Carriers, Inc.***, 263 F.3d 816, 819 (8th Cir. 2001). This case lacks diversity of citizenship, as the plaintiff is a Nebraska citizen and the defendant is a city within Nebraska's boundaries. Thus, 28 U.S.C. § 1332 does not furnish a basis for federal court jurisdiction.

JURISDICTION UNDER THE CIVIL RIGHTS ACT

28 U.S.C. § 1343 grants the federal courts original jurisdiction "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." 28 U.S.C. § 1343(a)(3) is the jurisdictional counterpart to 42 U.S.C. § 1983, which provides a remedy for certain deprivations of a claimant's civil rights. To state a claim for relief in an action brought under 42 U.S.C. § 1983, the plaintiff must establish that she was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.

However, a negligent act or omission, even by a public entity, constitutes a "tort," i.e., a compensable civil wrong, but **not** a deprivation of a person's civil rights or a violation of the federal Constitution. Therefore, 28 U.S.C. § 1343 does not provide a jurisdictional basis for this litigation.

FEDERAL QUESTION JURISDICTION

For a federal court to have jurisdiction under the federal question jurisdictional statute, 28 U.S.C. § 1331, the plaintiff must assert a substantial claim under federal law. In this case, the complaint alleges a claim of negligence which may be compensable under Nebraska law. Although the plaintiff may have an action for one or more torts under state law against the defendant, the complaint does not state a claim arising under the Constitution, laws, or treaties of the United States, as required by 28 U.S.C. § 1331.

## SHOW CAUSE

**By February 15, 2007**, the plaintiff shall file a written Response to Order to Show Cause, stating any reason she may have why this case should not be dismissed for (a) lack of subject matter jurisdiction and/or (b) failure to state a claim on which relief may be granted (failure to file an administrative claim under the Political Subdivisions Tort Claims Act). After February 15, 2007, this court will determine whether the plaintiff's Application for Leave to Proceed IFP can be granted or must be denied, and whether this case may proceed or must be dismissed without prejudice. In the absence of a timely and sufficient Response to Order to Show Cause, this matter will be subject, without further notice, to dismissal without prejudice.

**IT IS SO ORDERED.**

DATED this 23rd day of January, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge