IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSAN K. DALTON, ) | |
| ) | |
| Plaintiff, ) | 8:06cv773 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| CITY OF OMAHA, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Filing No. 9, a letter from the plaintiff, Susan K. Dalton, which has been docketed as a Motion to Reopen the above-entitled case. The plaintiff failed to respond to an Order to Show Cause issued on January 23, 2007 (Filing No. 5), in which Magistrate Judge Thomas D. Thalken questioned whether the plaintiff had asserted a basis for subject matter jurisdiction and/or a claim on which relief may be granted. The plaintiff alleges that she suffered a serious injury as a result of a slip and fall on a sidewalk negligently maintained by the defendant, the City of Omaha. No basis for subject matter jurisdiction in federal court is apparent from the face of the complaint. Of course, the plaintiff may be able to bring her claim in a state forum.

In addition, claims against the City of Omaha are subject to the Political Subdivisions Tort Claims Act, and it appears that the plaintiff may have failed to file an administrative claim under that Act. Accordingly, Magistrate Judge Thalken gave the plaintiff until February 15, 2007, to provide any reason she might have why the case should not be dismissed, and he warned the plaintiff that, in the absence of a timely and sufficient response to the Order to Show Cause, this case could be subject, without further notice, to dismissal without prejudice.

When the plaintiff failed to respond, and the deadline for the required action had expired, the court deemed the case abandoned and dismissed the case without prejudice. In Filing No. 9, the plaintiff now explains that physical injuries and other problems caused her to be incapacitated and unable to meet the deadline set by the court.

Therefore, Filing No. 9, the plaintiff's Motion to Reopen this case, will be granted. The Judgment (Filing No. 8) dismissing this case is vacated, and the case is reopened and reinstated to the court's active docket.   However, the plaintiff **shall** respond to the Order to Show Cause by March 15, 2007, or this case will be dismissed without prejudice as abandoned.  If the plaintiff's response does not adequately demonstrate federal court jurisdiction or a claim on which relief may be granted, once again the case could be dismissed for (a) lack of subject matter jurisdiction and/or (b) failure to state a claim on which relief may be granted.[1]

THEREFORE, IT IS ORDERED:

1.	That Filing No. 9, the plaintiff's Motion to Reopen, is granted; the Judgment (Filing No. 8) dismissing this case is vacated, and the case is reopened and reinstated to the court's active docket;

2.	That the Clerk of Court shall send the plaintiff a copy of Filing No. 5, the Order to Show Cause; the plaintiff shall have until March 15, 2007, to show cause in writing why this case should not be dismissed for (a) lack of subject matter jurisdiction and/or (b) failure to state a claim on which relief may be granted; after March 15, 2007, the court will

---

[1] After March 15, 2007, this court will determine whether the plaintiff's Application for Leave to Proceed In Forma Pauperis can be granted or must be denied, and whether this case may proceed or must be dismissed without prejudice.

determine whether the plaintiff's Application for Leave to Proceed In Forma Pauperis can be granted or must be denied, and whether this case may proceed or must be dismissed without prejudice; in the absence of a timely and sufficient response to the Order to Show Cause, this matter will be subject, without further notice, to dismissal without prejudice.

DATED this 27th day of February, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge