IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSAN K. DALTON,<br><br>          Plaintiff,<br><br>   vs.<br><br>CITY OF OMAHA,<br><br>          Defendant. | 8:06cv773<br><br>MEMORANDUM AND ORDER |

This matter is before the court on Filing No. 11, the Response to Order to Show Cause filed by the plaintiff, Susan K. Dalton. The plaintiff alleges that she suffered a serious injury as a result of a slip and fall on a sidewalk negligently maintained by the defendant, the City of Omaha. The plaintiff seeks damages for her loss of income, pain and suffering, disability and medical expenses proximately caused by the defendant's negligent conduct.

The court has twice required the plaintiff to state whether or not she complied with the administrative claim provision of the Political Subdivisions Tort Claims Act.[1] If not, her claim against the City may be barred. "The [Political Subdivisions] Tort Claims Act is the exclusive means by which a tort claim may be maintained against a political subdivision or

---

[1] Neb. Rev. Stat. § 13-906 states: "No suit shall be permitted under the Political Subdivisions Tort Claims Act ... unless the governing body of the political subdivision has made final disposition of the [administrative] claim, except that if the governing body does not make final disposition of a claim within six months after it is filed, the claimant may, by notice in writing, withdraw the claim from consideration of the governing body and begin suit under such act and sections." Neb. Rev. Stat. § 13-919(1) creates a one-year limitations period in which a claim must be submitted to the appropriate official of the political subdivision: "Every claim against a political subdivision permitted under the Political Subdivisions Tort Claims Act shall be forever barred unless within one year after such claim accrued the claim is made in writing to the governing body."

its employees." Jessen v. Malhotra, 665 N.W.2d 586, 590 (Neb. 2003). "[T]he filing or presentment of a claim to the appropriate political subdivision is a condition precedent to commencement of a suit under the Tort Claims Act." Id. The claim must be filed within one year after the plaintiff's cause of action accrued. Id. The plaintiff has not clarified whether or not she complied with the administrative claim requirement which would enable her to sue the City under the Political Subdivisions Tort Claims Act.

More important and the reason this case must be dismissed is the absence of subject matter jurisdiction in this court. The plaintiff does not identify any jurisdictional basis for her claim against the defendant. Subject matter jurisdiction is of paramount importance in the federal district courts. For example, Fed. R. Civ. P. 12(h)(3) states: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Often a case which cannot be brought in federal district court may nonetheless be filed in a state court. That is because the federal district courts are courts of "limited jurisdiction," see, e.g., Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978), while the state courts are courts of "general jurisdiction."

Therefore, even if the plaintiff did comply with the administrative claim requirement of the Political Subdivisions Tort Claims Act, she would have to file her lawsuit in a Nebraska state court, rather than in a federal district court. The bases for federal court jurisdiction do not encompass a negligence action against a city by a citizen of the same state in which the city is located. These principles have been explained in previous orders of the court in this case and have not been addressed in Filing No. 11, the plaintiff's Response to the court's Order to Show Cause.

**Jurisdiction Based on Diversity of Citizenship**

The allegations of the complaint indicate that the plaintiff cannot rely on 28 U.S.C. § 1332, diversity of citizenship, as the source of federal court jurisdiction. For a federal district court to have jurisdiction of a civil action based on diversity of citizenship under 28 U.S.C. § 1332, the controversy must be between (a) citizens of different states; or (b) citizens of a state and citizens or subjects of a foreign state; or (c) citizens of different states and in which citizens or subjects of a foreign state are additional parties. Also, the matter in controversy must exceed $75,000. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means "complete diversity," i.e., that "the citizenship of each plaintiff is different from the citizenship of each defendant." Ryan v. Schneider National Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001). This case lacks diversity of citizenship, as the plaintiff is a Nebraska citizen and the defendant is a city within Nebraska's boundaries. Thus, 28 U.S.C. § 1332 does not furnish a basis for federal court jurisdiction.

**Jurisdiction Under the Federal Civil Rights Laws**

28 U.S.C. § 1343 grants the federal courts original jurisdiction "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." 28 U.S.C. § 1343(a)(3) is the jurisdictional counterpart to 42 U.S.C. § 1983, which provides a remedy for certain deprivations of a claimant's civil rights. To state a claim for relief in an action brought under 42 U.S.C. § 1983, the plaintiff must establish that she was deprived of a right secured by the Constitution or laws of the

United States, and that the alleged deprivation was committed under color of state law. However, a negligent act or omission, even by a public entity, constitutes a "tort," i.e., a compensable civil wrong, but **not** a deprivation of a person's civil rights or a violation of the federal Constitution. Therefore, 28 U.S.C. § 1343 does not provide a jurisdictional basis for this litigation.

## Federal Question Jurisdiction

For a federal court to have jurisdiction under the federal question jurisdictional statute, 28 U.S.C. § 1331, the plaintiff must assert a substantial claim under federal law. In this case, the complaint alleges a claim of negligence which may be compensable under Nebraska state law. Although the plaintiff may have an action for one or more torts under state law against the defendant, the complaint does not state a claim arising under the Constitution, laws, or treaties of the United States, as required by 28 U.S.C. § 1331.

THEREFORE, IT IS ORDERED:

1. That the plaintiff's complaint and this action are dismissed without prejudice for lack of subject matter jurisdiction; and

3. That judgment will be entered accordingly.

DATED this 7th day of May, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge